### THE T. H. SYMINGTON CO. v. MINER.

(District Court, N. D. Illinois, E. D. August 6, 1914.)

No. 30700.

1. PATENTS (§ 328*) — VALIDITY AND INFRINGEMENT — DRAFT-RIGGING FOR RAILWAY CARS.
    The Emerick patent, No. 693,643, for a draft-rigging for railway cars, while very narrow in scope, was not anticipated and discloses patentable invention; also, held infringed.

2. PATENTS (§ 45*) — VALIDITY — ESTOPPEL BY INFRINGEMENT.
    While novelty cannot be supplied by the defendant's use of a patented device, such use amounts to a quasi estoppel.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 51-53; Dec. Dig. § 45.*]

In Equity. Suit by The T. H. Symington Company against William H. Miner for infringement of letters patent No. 693,643 for a draft rigging for railway cars, issued to Emerick February 18, 1902, on an application filed May 24, 1901. On final hearing. Decree for complainant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Edwin F. Samuels, of Baltimore, Md., Steuart & Steuart, of Baltimore, Md., and Washington, D. C., and Rufus S. Simmons, of Chicago, Ill., for plaintiff.

Munday, Evarts, Adcock & Clarke and Haight, Brown & Haight, all of Chicago, Ill., for defendant.

SANBORN, District Judge. [1, 2] This is the common case of a specific patent, strictly limited to the particular construction described in the claims, covering a draft-rigging for railway cars. Its merit is entirely practical, the sole claim to invention being the production of a simple, workable device in an art where practicability, economy of space, easy and rapid detachment and putting back in place, are the only considerations of any importance, not only from the standpoint of the earlier art, but from the impossibility of getting any device on a railroad car except one of the highest efficiency. Defendant's device, as described in its patent, could not infringe, nor could it probably be put on railroad cars. Instead of constructing it as described, defendant has adopted plaintiff's construction. It makes a strong argument that Emerick shows no invention, but adopts his device for its own construction. While novelty cannot be supplied by defendant's use of a patent device, such use amounts to a quasi estoppel. As a specific combination of old elements, designed for practical use, the Emerick construction should be narrowly sustained, especially in view of defendant's adoption of that construction, unless the Byers patent of May 7, 1901, No. 673,419, is prior to Emerick. As to this question, testimony was taken in open court to carry back the date of invention of Emerick so as to antedate Byers, and was abundantly sufficient for that purpose. I was satisfied at the time, and on review of the testimony am confirmed in the conviction, that Emerick's invention was considerably earlier than that of Byers.

While very narrow in scope, the Emerick device is so simple, and so easy to repair and maintain, that it should be sustained, especially in view of defendant's leaving its own precise construction and adopting it.

Decree for plaintiff sustaining its patent, declaring it infringed, and for profits, damages, and costs.